IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kendal Sudduth, # 356184,<br><br>                    Plaintiff,<br><br>  vs.<br><br>State of South Carolina;<br>Attorney General's Office;<br>Attorney General Alan Wilson;<br>11th Circuit Solicitor Donnie Myers,<br><br>                    Defendants. | Civil Action No. 8:15-4474-TMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

       The plaintiff is an inmate at the Allendale Correctional Institution.  The South Carolina Department of Corrections website (http://public.doc.state.sc.us/scdc-public/, last visited on Nov. 9, 2015) indicates that the plaintiff is serving a ten-year sentence for sexual exploitation of a minor-second offense (No. 2007-GS-41-205A), a five-year sentence for sexual exploitation of a minor-third offense (No. 2007-GS-41-206A), and a three-year sentence for contributing to the delinquency of a minor (No. 2007-GS-41-217A).  In his answer to Question II(B), the plaintiff states that, in the above-captioned case, he is attempting to litigate the issues of "Wrongful/False imprisonment" and prosecutorial misconduct (doc. 1 at 2).

       In the "STATEMENT OF CLAIM" portion of the complaint, the plaintiff appears to be contending that the indictments issued on July 9, 2013, were null and void because the Court of General Sessions was not in session on that date and did not convene until July 15, 2013 (*id*. at 3).  The plaintiff alleges: (1) the State unlawfully empaneled the Grand Jury outside the jurisdiction of the Court of General Sessions (*id*. at 4); (2) the Solicitor and

Assistant Solicitor committed criminal conspiracy by empaneling a grand jury, returning a true bill, and publishing false indictments (*id.*); (3) the plaintiff was not duly convicted or sentenced under the South Carolina Code of Laws; (4) the State indicted the plaintiff eighty-three times (*id.* at 5); and (5) each of these eighty-three indictments, including the three under which the plaintiff was convicted, are the results of criminal acts and conspiracy by the Eleventh Circuit Solicitor, prosecutors, judges, the Clerk of Court, the Grand Jury foreman, and court reporters (*id.*). In his prayer for relief, the plaintiff seeks a jury trial, compensatory damages, of $50,000 for each year of the plaintiff's incarceration, punitive damages of $8,000,000.$^{00}$, immediate release from prison, and "additional relief" deemed just, proper and equitable by this court (*id.* at 6).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The above-captioned case is subject to summary dismissal because a right of action has not accrued with respect to the plaintiff's three convictions. As a result, this case is subject to summary dismissal. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). The plaintiff cannot obtain release from prison in this civil rights action. *See id.* at 481 (stating that "habeas corpus is the exclusive remedy for a state prisoner who

challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); and *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983).

The State of South Carolina and the South Carolina Attorney General's Office are immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743, 744–45 (2002) and *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808–09 (D.S.C. 1978).

The plaintiff cannot obtain compensatory or punitive damages from Attorney General Wilson or Solicitor Myers in their official capacities because they are state officials entitled to Eleventh Amendment immunity. *See Brown v. Lieutenant Governor's Office on Aging*, 697 F. Supp. 2d 632, 635 (D.S.C. 2010), which cites *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995).

It is well-settled that prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 344–49 (2009); *Buckley v. Fitzsimmons*, 509 U.S. 259, 268–75 (1993); *Burns v. Reed*, 500 U.S. 478, 490–92 (1991); and *Dababnah v. Keller-Burnside*, 208 F.3d 467, 471–72 (4th Cir. 2000). Prosecutorial immunity also extends to actions by government attorneys in the direct appeal, post-conviction case, or federal habeas corpus case. *Rice v. Nat'l Sec. Council*, 244 F. Supp. 2d 594, 602 (D.S.C. 2001) (collecting cases). Hence, the plaintiff cannot obtain damages from Attorney General Wilson or Solicitor Myers in their individual capacities.

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

November 10, 2015                         s/ Kevin F. McDonald
Greenville, South Carolina                United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).