IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Kendal Sudduth, # 356184, | ) | |
| | ) | Civil Action No. 8:15-4474-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| State of South Carolina; | ) | |
| Attorney General's Office; | ) | |
| Attorney General Alan Wilson; | ) | |
| 11th Circuit Solicitor Donnie Myers, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court summarily dismiss Plaintiff's case without prejudice and without service of process. (ECF No. 10). Plaintiff was advised of his right to file objections to the Report. (ECF No. 10 at 5). Plaintiff has filed objections. (ECF No. 13).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Plaintiff's objections are mostly unspecific to the dispositive portions of the Report. In his objections, Plaintiff argues that the Attorney General and the 11th Circuit Solicitor are not entitled to absolute immunity for their presentment of his criminal case to the grand jury. (ECF No. 13). As the magistrate judge properly explained, prosecutors are entitled to absolute immunity for activities in or connected with judicial proceedings, including grand jury proceedings. *See Burns v. Reed*, 500 U.S. 478, 486 (1991) ("[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' . . . insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976))).

The court has thoroughly reviewed the Report and Plaintiff's objections and finds no reason to deviate from the Report's recommended disposition. Accordingly, the court finds Plaintiff's objections are overruled.

Based on the foregoing, the court adopts the Report (ECF No. 10) and incorporates it herein, and Plaintiff's case is summarily **DISMISSED** without prejudice and without service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Court Judge

December 21, 2015
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.